PINE RIDGE COAL COMPANY, PETITIONER, *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27337, 30228.   Promulgated May 29, 1931.

*J. H. Amick, C. P. A.*, for petitioner.
*P. A. Bayer, Esq.*, and *S. B. Pierson, Esq.*, for the respondent.

OPINION.

MATTHEWS: We are of the opinion that the petitioner, although it owned the entire outstanding capital stock of the Hinchman Creek Coal Company, elected to file separate returns for 1922 and 1923 and therefore is not entitled to have its taxes for these years computed on the basis of a consolidated return.

Section 240 (a) of the Revenue Act of 1921 reads:

That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Article 632 of Regulations 62 provides in part as follows:

Affiliated corporations, as defined in the statute and in article 633, for a taxable period beginning prior to January 1, 1922, are required to file consolidated returns, and for a taxable period beginning on or after January 1, 1922, may elect to file such returns. The return for the first taxable period beginning on or after January 1, 1922, may be made either upon a consolidated basis or as separate corporations, regardless of the manner in which returns for previous years were filed, but an election so made shall be binding upon the taxpayer as to the manner of reporting for subsequent years, unless express permission is obtained from the Commissioner to make a change in the method of reporting. * * *

We have repeatedly held that the filing of a separate return by a taxpayer corporation constitutes a binding election under the statute and its tax must be computed upon the basis of that return. *Belvidere Lumber Co.*, 6 B. T. A. 84; *Geneva Theatres, Inc.*, 15 B. T. A. 1073; *Radiant Glass Co.*, 16 B. T. A. 610; *George Freese's Sons*, 18 B. T. A. 416; *Brownsville Ice & Storage Co.*, 18 B. T. A. 439; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; affirming 28 Fed. (2d) 81.

It has also been held that if a return of income is made on a separate basis for 1922, returns for 1923 shall be made upon the same basis where no permission to change the basis has been granted by the Commissioner. *Harbour-Longmire Co.*, 18 B. T. A. 33; *B. Mifflin Hood Brick Co. et al.*, 19 B. T. A. 785; *Ohio Mining Co.*, 20 B. T. A. 1062; *Lucas* v. *St. Louis National Baseball Club*, 42 Fed. (2d) 984; certiorari denied, 282 U. S. 883.

Inasmuch as the petitioner in this case filed a separate return for 1922, the Commissioner erred in computing the petitioner's tax for that year on a consolidated basis. The petitioner's tax liability for 1922 should be redetermined on the basis of separate returns filed by the petitioner and the Arthur D. Cronin Coal Company (Hinchman Creek Coal Company). Since permission to change the basis was not granted by the Commissioner and the petitioner filed a separate return for 1923, the Commissioner did not err in refusing to compute the petitioner's tax liability for 1923 on the basis of a consolidated return.

There remain for consideration the additional deductions from income for 1922 which are claimed by the petitioner, to wit, the investment in the capital stock of the Hinchman Creek Coal Company in the sum of $50,000 and the amount of $26,140.32 representing a loss on account of advances made to the Hinchman Creek Coal Company, which amounts were ascertained to be worthless and charged off by the petitioner in the taxable year. We believe that the respondent erred in disallowing these deductions.

We have found that the petitioner owned all of the outstanding capital stock of the Hinchman Creek Coal Company (formerly known as the Arthur D. Cronin Coal Company) having paid therefor the sum of $50,000. In 1922 the Hinchman Creek Coal Company owed the petitioner on open account approximately $26,000. Evidence was introduced to show that in 1922 the Hinchman Creek Coal Company became insolvent, was adjudged a bankrupt and its assets sold to satisfy creditors. The proceeds of sale were insufficient to pay the preferred creditors, leaving nothing for the unsecured creditors of which the petitioner was one. The petitioner was fully aware of the financial condition of the Hinchman Creek Coal Company and appears to have been justified in charging off the indebtedness due from that company. *William Gahagen*, 22 B. T. A. 828, and *Sherman & Bryan, Inc.* v. *Blair*, 35 Fed. (2d) 713.

Prior to 1922 the petitioner had employed the reserve method to record losses on account of bad debts. In 1922 the petitioner credited to its reserve for bad debts the sum of $85,985.46, which amount included the sum of $76,140.32 due to the petitioner from the Hinchman Creek Coal Company. This latter sum included the petitioner's

$50,000 investment in the capital stock of the Hinchman Creek Coal Company, which had been carried on the petitioner's books on an open account. This item of $76,140.32 was disallowed as a deduction by the respondent on the theory that it represented the personal loss of Arthur D. Cronin. The petitioner's bookkeeper testified that although Arthur D. Cronin had a personal account on the petitioner's books, the amount of $76,140.32 was not included therein and that it was the petitioner's check, and not that of Arthur D. Cronin, which was delivered in payment of the capital stock of the Arthur D. Cronin Coal Company. It is indicated in the revenue agent's report, which was attached to the deposition introduced in evidence, that Arthur D. Cronin owned 98 per cent of the stock of petitioner. It does not follow, however, that the loss alleged to have been sustained by the petitioner represents the personal transaction of Arthur D. Cronin for which he is individually liable. The respondent's position that the amounts advanced by the petitioner were in reality advanced on behalf of Arthur D. Cronin, and that any loss sustained may be recovered from him, is not supported by the evidence.

According to the amended answer, which was filed by the respondent, the petitioner's net income for 1922, computed on a non-affiliated basis, amounted to $108,020.37. We believe that, in computing the petitioner's liability for 1922, a deduction should be allowed in the sum of $76,140.32 for the loss sustained by the petitioner on account of the bankruptcy of the Hinchman Creek Coal Company.

*Judgment will be entered under Rule 50.*